UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
JOHN MICHAEL COHAN, living,
Plaintiff,
v.
UNITED STATES TRUSTEE PROGRAM,
UNITES STATES TRUSTEE SCOTT BOMKAMP, in his individual capacity,
JOHN AND JANE DOES 1-100,
Defendants.
Case No. 25-cv-2009

**PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE DUE TO FURLOUGHS/GOVERNMENT SHUTDOWN**

1. Plaintiff, John Michael Cohan, respectfully requests this Court grant a second extension of time to effect service on Defendant Scott Bomkamp. This motion remains necessary due to the ongoing lapse in appropriations and the subsequent federal government shutdown. In support thereof, Plaintiff states as follows:

2. The Complaint in this matter was filed on or around June 23, 2025.

3. Under Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days from the filing of the Complaint to effect service. The Court previously granted Plaintiff's first motion, extending the deadline to effect service to on or around October 22, 2025.

4. Defendant Scott Bomkamp is a Trial Attorney for the United States Trustee Program, a component of the Department of Justice.

5. As of the date of this filing, the federal government remains in a lapse in appropriations. The Department of Justice, including the U.S. Trustee Program, is largely shut down, and its employees, including Defendant Bomkamp, have been furloughed. Their physical offices are closed or operating with minimal staff.

6. Plaintiff hired a professional process server to effect service at Defendant's known office address. On October 6, 2025, the process server attempted service at 400 W Washington St Ste 1100, Orlando, FL 32801-2210. A staff member named "Leila" at that location confirmed Defendant Bomkamp was not present and would not be able to accept documents due to the federal shutdown, and she did not know when he would return. A true and correct copy of the Process Server's Return of Service is attached as **Exhibit A**.

7. Defendant's acts are demonstratively evasive. The staff member's statement that Defendant "would not be able to accept the documents" is an active refusal, not a passive observation. A federal furlough does not legally prohibit an employee from accepting



RECEIVED
OCT 17 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

service for a personal lawsuit; it merely prevents them from performing their government duties. It is a "well-settled principle" that individuals cannot use their government roles to shield themselves from the jurisdiction of the courts in personal matters. See, e.g., Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949) (distinguishing a suit against an officer personally from one against the sovereign). By instructing his staff to refuse service and using the government shutdown as a justification, Defendant is strategically leveraging his official status to create a personal shield from litigation. This constitutes a deliberate attempt to obstruct the judicial process, and such evasion is a proper grounds for an extension of time and alternative service. See Mann v. Castiel, 729 F. Supp. 2d 191, 197 (D.D.C. 2010) (noting that "evasion of service is a factor that may justify an extension of time for service under Rule 4(m)"), aff'd, 2011 WL 135009 (D.C. Cir. 2011).

8. Plaintiff's prior Motion for Alternative Service [**Doc. 28**] remains pending before this Court. This present motion for a second extension of time and to permit alternative service is a direct follow-up necessitated by the ongoing evasion detailed herein and the impending service deadline. Plaintiff respectfully submits that the evidence of evasion in **Exhibit A** further bolsters the need for the Court to rule on the pending alternative service motion, as it demonstrates that traditional service is being actively frustrated. For the record, the defendant has already been notified and served by certified mail and by email.

9. Plaintiff's sole known address for the Defendant for purposes of service is his office address at the U.S. Trustee Program, which remains inaccessible due to the ongoing shutdown. See Fed. R. Civ. P. 4(j)(2) (addressing service on United States employees in their individual capacity).

10. Plaintiff has no knowledge of Defendant Bomkamp's personal residential address and therefore has no alternative means of effecting service at this time.

11. This continued failure to effect service is directly attributable to factors beyond Plaintiff's control, namely the ongoing federal government shutdown. As demonstrated by **Exhibit A**, Plaintiff has acted with continued diligence and will effect service promptly upon the government's reopening and the Defendant's return to his place of employment.

[This section was intentionally left blank.]

12. WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

Grant a second extension of time to effect service on Defendant Scott Bomkamp until sixty (60) days after the enactment of a law restoring appropriations to the Department of Justice and ending the current government shutdown, or for such other period as the Court deems just and proper.

Grant Plaintiff's pending Motion for Alternative Service [**Doc. 28**], or, in the alternative, issue an Order pursuant to Federal Rule of Civil Procedure 4(e)(1) and D.C. Code § 13-434(a)(1) authorizing alternative methods of service on Defendant Bomkamp, including but not limited to:
a. Service by leaving a copy of the Summons and Complaint with a staff member at his place of employment, the United States Trustee Program office at 400 W Washington St Ste 1100, Orlando, FL 32801-2210; or
b. Service by first-class mail, certified mail, or email to his last known business or other available address.

Grant such other and further relief as the Court deems just and proper.

Dated: 10-17-2025

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

CERTIFICATE OF SERVICE

I hereby certify that on 10-17-2025, I served a true and correct copy of this document upon the Defendant(s), by placing the documents in the United States mail and/or email.

# EXHIBIT A

**10/6/25** 2:20 PM EDT

---

**Service Attempted: Scott Bomkamp** on 10/6/2025 2:20 PM EDT

Address: 400 W Washington St Ste 1100, Orlando, FL 32801-2210

I spoke with an individual who identified themselves as the leila. She advised me that she doesn't know when Scott bomkamp is it going to be able to accept the documents because there is a federal shutdown right now and he's not in the office and she doesn't know when he will return

Server:  Sakina Reese

 (2)

GPS Coordinates: 28.544217, -81.384113

---

**10/3/25** 4:26 PM EDT

**Documents Received:** Process server received documents for **Scott Bomkamp**.

---

**10/3/25** 3:18 PM EDT

Service for Scott Bomkamp has been reactivated



**10/2/25** 12:21 PM

**Message** from SH **Sara Hess**

I can assist you with your question.




secure.abclegal.com

12:06 

← **Tracking Results | USPS** Edit Name



**UST Scott Bomkamp Summons & Complaint**

9589071052700098818799

**Delivered:**
ORLANDO, FL 32801 on July 21, 2025 at 1:46 pm

## Additional Information

Your item was delivered to the front desk, reception area, or mail room at 1:46 pm on July 21, 2025 in ORLANDO, FL 32801.

Get Text and Email Updates

## Tracking History

**July 21, 2025**
**1:46 pm**
Delivered, Front Desk/Reception/Mail Room, ORLANDO, FL 32801

**July 21, 2025**
**6:53 am**
Out for Delivery, ORLANDO, FL 32801

**July 21, 2025**
**6:42 am**
Arrived at Post Office, ORLANDO, FL 32805

**July 21, 2025**
**4:32 am**
Departed USPS Regional Facility,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: STAY OF CIVIL PROCEEDINGS INVOLVING THE UNITED STATES IN LIGHT OF LAPSE OF APPROPRIATIONS | Standing Order No. 25-55 (JEB)<br><br>Chief Judge James E. Boasberg |

## ORDER

Funding for various Executive Branch agencies, including the Department of Justice, lapsed at the end of the day on September 30, 2025. Employees of the affected agencies, including the Department of Justice, are generally prohibited, with limited exceptions, from working during the pendency of the lapse in appropriations, even on a voluntary basis.

This Court has a significant volume of civil matters involving the United States, its agencies, and its officers and employees, in which the U.S. Attorney's Office for the District of Columbia and other Department of Justice litigating components represent those party litigants.

The Court has a need to minimize expenditures of scarce judicial resources on large volumes of case-specific motions to stay or extend pending deadlines.

The Court finds that the impact of the current lapse in appropriations, as described above, constitutes good cause under Federal Rule of Civil Procedure 6 for extending deadlines and staying matters in which the United States, its agencies, and its officers and employees are involved.

Accordingly, pursuant to Federal Rule Civil Procedure 6(b)(1)(A), it is hereby **ORDERED**, effective October 1, 2025, and until further order of the Court, that:

1. In all civil actions and civil miscellaneous matters pending in the U.S. District Court for the District of Columbia, all filing and discovery deadlines imposed upon the United States, any of its federal agencies, and any of its officers or employees, shall be extended by the number of days equal to the length (in days) of the lapse of

appropriations plus ten days, provided that if the lapse is seven days or fewer, such extension shall be the number of days equal to the length (in days) of the lapse of appropriations plus five days;

2. Any party seeking relief from this Order in any particular civil action or civil miscellaneous matter, shall, in addition to serving the government attorney of record, serve the Civil Division of the U.S. Attorney's Office for the District of Columbia by electronic mail at USADC.ServiceCivil@usdoj.gov with the papers seeking such relief;

3. This Order shall not extend the United States' deadlines to respond to motions for temporary restraining orders or preliminary injunctions, but any such motions seeking relief against the United States shall be served promptly on the Civil Division of the U.S. Attorney's Office for the District of Columbia by electronic mail at USADC.ServiceCivil@usdoj.gov and on the Civil Chief for the U.S. Attorney's Office for the District of Columbia, whose email address is linked on the Civil Division's webpage: https://www.justice.gov/usao-dc/civil-division; and

4. The U.S. Attorney's Office for the District of Columbia shall inform the Chief Judge when appropriations are restored to the Department of Justice.

Dated: October 1, 2025

James E. Boasberg
Chief Judge

The order below is hereby signed.

Signed: October 1 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: STAY OF PROCEEDINGS INVOLVING THE UNITED STATES IN LIGHT OF LAPSE OF APPROPRIATIONS | General Order No. 25-02<br><br>Judge Elizabeth L. Gunn |

## ORDER

Funding for various Executive Branch agencies, including the Department of Justice, lapsed at midnight on September 30, 2025. Employees of the affected agencies, including the Office of the United States Trustee and other components of the Department of Justice, are generally prohibited, with limited exceptions, from working during the pendency of the lapse in appropriations, even on a voluntary basis.

The Court has a significant volume of matters involving the United States, its agencies, and its officers and employees, in which the Office of the United States Trustee, Department of Justice, and/or any other federal agency affected by the lapse litigating components represent party litigants, and the Court has a need to minimize expenditures of scarce judicial resources on large volumes of case-specific motions to stay or extend pending deadlines.

The Court finds that the impact of the current lapse in appropriations, as described above, constitutes good cause under Federal Rule of Civil Procedure 6, made applicable herein by Federal

1

Rule of Bankruptcy Procedure 9006, for extending deadlines and staying matters in which the United States, its agencies, and its officers and employees, are involved.

Therefore, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), **IT IS HEREBY ORDERED** that effective October 1, 2025:

1. In all cases and adversary proceedings pending in the United States Bankruptcy Court for the District of Columbia, all deadlines imposed upon the United States, any of its federal agencies, or any of its officers or employees, shall be extended by the number of days equal to the length (in days) of the lapse of appropriations plus ten (10) days, provided that if the lapse is seven (7) days or fewer, such extension shall be the number of days equal to the length (in days) of the lapse of appropriations plus five (5) days.

2. Any party seeking relief from this Order in any particular case or adversary proceeding shall, in addition to serving the government attorney of record, serve the Office of the United States Trustee by electronic mail at USTPRegion04.A.ECF@USDOJ.GOV with the papers seeking such relief.

3. The Office of the United States Trustee shall inform the Court at Gunn_Chambers@dcb.uscourts.gov when appropriations are restored to the Department of Justice.

[Signed and dated above.]

1

 Outlook

RE: Urgent Matter Requiring Your Attention: In re Genie Investments NV, Inc. & Attorney Scott Bomkamp

From  Graham-Oliver, Heather (USADC) <Heather.Graham-Oliver@usdoj.gov>
Date  Thu 10/9/2025 11:16 AM
To    Debitus Processus <iustusprocessus@outlook.com>

2 attachments (130 KB)
Standing Order 2025.pdf; Signed Bankruptcy GO 25-02(10-1-2025).pdf;

Hello Mr. Cohan:

Hope you are well.  Please be advised that the government is shut down and the attorney assigned to your case in District Court has been furloughed. Please see the attached standing order of the District Court that applies to the current state of affairs and lack of appropriation.  FYI only, I am also including the standing order for the Bankruptcy Court.

Best regards,

Heather Graham-Oliver
Deputy Chief
United States Attorneys' Office-Civil Division
601 D Street NW
Washington, D.C. 20530


From: Debitus Processus <iustusprocessus@outlook.com>
Sent: Thursday, October 9, 2025 10:17 AM
To: Graham-Oliver, Heather (USADC) <Heather.Graham-Oliver@usdoj.gov>
Subject: [EXTERNAL] Urgent Matter Requiring Your Attention: In re Genie Investments NV, Inc. & Attorney Scott Bomkamp

Dear Deputy Chief Oliver,

I am writing to bring a critical procedural and ethical issue to your attention, following an automated response from the attorney for Scott Bomkamp indicating he is furloughed due to the lapse in appropriations.

I am the principal in the corporate Chapter 11 bankruptcy (Genie Investments NV, Inc., 24-bk-496) There is also a related, pending Bivens action (Cohan v. Bomkamp, 25-cv-2009) against Mr. Bomkamp in his personal capacity.

The furlough notice creates an untenable situation for the bankruptcy case. The docket still lists Mr. Bomkamp as the active Trial Attorney, but he is now officially unable to work or respond. A motion for an order to show cause of why Bomkamp should not recuse himself was pending and ignored prior to any federal shutdown prolonging this injustice. This leaves the case in a state of legal limbo, which is unfair to the court and the estate.

Furthermore, his continued presence on the case—while he is personally sued by myself personally—creates a clear conflict under 5 C.F.R. § 2635.502.

To resolve this efficiently and protect the integrity of the proceeding, I believe the simplest administrative solution is to formally recuse Mr. Bomkamp and appoint a new attorney to the case.

This would immediately resolve the conflict-of-interest issue and ensure the bankruptcy can proceed without being hampered by the furlough. I would need to speak with my business partner prior to any approval, but we would be happy to accept any new, conflict-free attorney that is appointed to oversee the matter.

Thank you for your leadership in handling this. I am available to provide any further information you may need. Please confirm receipt at your earliest convenience.

Respectfully,

John Michael Cohan

---

**From:** Walker, Anna (USADC) <Anna.Walker@usdoj.gov>
**Sent:** Thursday, October 9, 2025 9:04 AM
**To:** Debitus Processus <iustusprocessus@outlook.com>
**Subject:** Automatic reply: Inquiry Regarding Your Continued Role in Bankruptcy Case [24-bk-496] Amidst Pending Personal Litigation

*As of October 1, 2025, the Department of Justice, including the U.S. Attorney's Office for D.C., is experiencing a lapse in appropriations.  Due to that lapse, I am currently furloughed and unable to respond to your email until appropriations are restored.  If you need immediate assistance, please contact Deputy Chief Heather Graham-Oliver at Heather.Graham-Oliver@usdoj.gov.*