UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
JOHN MICHAEL COHAN, living,
Plaintiff,
v.
UNITES STATES TRUSTEE SCOTT BOMKAMP, in his individual capacity,
JOHN AND JANE DOES 1-100,
Defendants.
Case No. 25-cv-2009

### NOTICE OF THANKSGIVING ADMINISTRATIVE FILING IRREGULARITY IN POOR ATTEMPT TO REBUT JUDICIALLY-VERIFIED 341 MEETING CRIMINAL ACT

The timing of the Bankruptcy Court's "Findings of Fact and Conclusions of Law" notice issued administratively on Thanksgiving Day (11/27/2025 – Case No. 3:24-bk-00496-BAJ, Doc. 494), raises significant concerns regarding the authenticity, deliberation, and legitimacy of the ruling. The notice did not issue as a judicial act, but as a clerical release during a Federal Holiday when United States' Courts are closed. The notice appeared the morning after the Protected Person filed his Emergency Motion in the District Court (Case No. 3:25-cv-1398, Doc. 4) attaching the Florida State Attorney's Office email confirming an active, judge-signed arrest warrant for crimes committed during the bankruptcy proceedings *pre*-conversion. The proximity of these events and the Federal Holiday timing indicate that the Bankruptcy Court did not perform any meaningful review of the evidence, arguments, or filings, and instead allowed an administrative release to be issued in a retaliatory attempt to control the narrative. The timing of the Bankruptcy Court's administrative release suggests this was not a reasoned judicial act, but a reactive, pre-packaged response issued without judicial consideration. After all, according to the Bankruptcy Judge, and as he stated on the record at the hearing on 08-25-2025, he "doesn't work on Federal Holidays."

The Protected Person/Interested Party respectfully notifies the District Court and the Bankruptcy Court that the release of administrative findings on Thanksgiving Day—immediately following the filing of the Emergency Motion (Case No. 3:25-cv-1398, Doc. 4) with *independent* verification of an active arrest warrant from Florida's State's Attorney's Office—suggests this action was not the product of reasoned judicial or administrative consideration, but rather a reactive measure intended to influence the record and control the narrative, raising serious questions about the impartiality and integrity of the process. This administrative action, paired with the *confirmed* criminal activity during the 341 meetings strongly supports the Protected Person's narrative that the United States Trustee (UST) spliced the audio to shield himself from liability and that his second motion to convert that made findings of fraud that did not exist in the



RECEIVED

DEC 01 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

examiner report itself was not a filing made within the scope of his employment, but instead was filed in retaliation to the Protected Party's legal verbal notice of litigation for the UST's misconduct.

This pattern of irregular administrative actions is further illustrated by the Juneteenth (06/19/2025) text-order in adversary case (Case No. 3:25-ap-00011, Doc. 46 to 47), issued after the Protected Person/Interested Party was served after-hours the day before by the Chapter 7 Trustee on a compel motion, and now the Thanksgiving administrative filing, demonstrating a post-hoc manipulation of the record.

Dated: 12-01-2025

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

CERTIFICATE OF SERVICE

I hereby certify that on 12-01-2025, I served a true and correct copy of this document upon the Defendant(s), by placing the documents in the United States mail and/or email.